■ GERALD B. HALL, Respondent, v STATE OF NEW YORK, Appellant.— Judgment affirmed, with costs. All concur except Witmer, J., who dissents and votes to modify the judgment in accordance with the following memorandum.

Witmer, J. (dissenting). While an inmate in Attica Correctional Facility on February 8, 1973, claimant was operating a punch press. His left hand was caught in the press and he lost the tips of the third and fourth fingers of that hand. He made claim for $100,000 in damages for such injuries. In a bifurcated trial of that claim the court found that the State was liable therefor, and no appeal was taken from that determination. Upon trial of the issue of damages the court awarded claimant the sum of $85,000 plus interest. We should not modify a jury award unless we conclude from the evidence that it is grossly excessive. If this were a jury verdict and we found it excessive, we could not substitute our opinion for that of the jury as to the amount that should be awarded, but could properly only reverse and grant a new trial unless claimant agreed to accept an amount which in our judgment would be the maximum that a jury could reasonably and fairly award. In my judgment that amount in this case would be the sum of $50,000. In a nonjury trial such as this was, however, our court is empowered to fix the amount at what in our judgment the trial court should reasonably have awarded, always giving due deference to the trial court's determination. Upon the evidence the Trial Judge found that claimant was left handed and that his injury reduced the strength and efficiency of that hand. The court found, however, that the evidence of claimant's potential loss of earnings was speculative and that "it is difficult to see how he [claimant] could substantially increase his earning power even if he had not been injured." The State paid claimant's medical and hospital expenses. Pictures of claimant's hand show that only the tips of the two fingers were removed. The evidence shows that the remaining tips of these fingers are now sensitive. In light of such evidence and the court's finding that claimant

has lost little earning power, I conclude that a reasonable award for his injuries would be $30,000. Accordingly, I dissent from the affirmance of the judgment. (Appeal from judgment of Court of Claims—negligence damages.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.